By the Court.
The only question involved in this case is the constitutionality of what is known as the “Roberts Law.”
The act provides for the appointment of a chief examiner by the governor with the advice and consent of the senate, and said chief examiner with the approval of the governor, to appoint six district examiners, each to serve in a district to be formed by the chief examiner.
*252 Section six of the act is as follows :
“Any person who desires to act as steam engineer, shall make application to any district examiner of steam engineers for a license so to act, upon a blank furnished by the engineer, and if, upon examination, the applicant is found trustworthy and competent, a license shall be granted him, to have charge of, or to operate any steam plant. Such license shall continue in force for one year, unless after proper hearing-it is revoked for intoxication or other sufficient cause, the said license to be renewed yearly.”
By this section the examiner is made the exclusive judge as to whether an applicant is trustworthy and competent. No standard is furnished by the general assembly as to qualification, and no specifications as. to wherein the applicant shall be trustworthy and competent, but all is left to the opinion, finding and caprice of the examiner. He is the autocrat with unlimited discretion, without rules prescribing the qualifications of applicants for license, only so that, he finds them trustworthy and competent. There being six districts and six examiners, each may have his own notions as to what shall constitute an applicant trustworthy and competent, and so there maybe in the first instance as many different standards in the state as there are examiners, whereas the standard should be uniform throughout the state. True, by section nine an appeal is given to the chief examiner from the action of refusing or revoking a license, but here again the power of the chief examiner-is supreme and without having rules for his guidance prescribed by the general assembly; the only provision being that if upon investigation he finds that the district examiner was justified in refusing or revok *253 ing such license, he shall sustain him, but otherwise he shall order such license to be given.
Thus allowing the examiner of a district to, in effect, make the law for his district, limited only by his will as to what shall constitute the standard of the ■qualification of engineers, is granting legislative power to such examiner, and the appeal to the chief •examiner does not change the matter.
By section one of article two of the constitution all legislative power is vested in the general assembly, and this power cannot be delegated to individuals or officers. Mathews v. Murphy, 63 S. W. Rep., 785.
Said section six of the Roberts law is therefore in conflict with said section one of article two-of the constitution, and is void.
It is urged that this is not legislative but adminis-, trative power; but this cannot avail. The constitution does not recognize such a power as administrative power. The constitution provides only for legislative, executive and judicial powers, and what is denominated in some other states as administrative power falls in this state within one of the three great powers recognized by our constitution, legislative, executive and judicial. This court has in several opinions spoken of certain powers as being administrative, but no warrant is found therefor in the constitution, and no necessity exists for such a power, as all powers are included in the legislative, executive and judicial.
Section seven of the act is as follows:
“Any engineer who has been employed continuously as a steam engineer in the state of Ohio for a period of three years next prior to the passage of this act, and who files with his application a certificate of such fact under oath, accompanied by a certificate from his em *254 ployer or employers verifying the same, or who holds a license issued to him under any ordinance of a municipal corporation of this state, shall be entitled to a license without further examination. Any person to whom a license is issued under the provisions of this act shall at the expiration of one year from the date thereof be entitled to a renewal thereof for one year, unless, in the opinion of the district examiner, of his district, such renewal should be refused, in which event such person shall have the right to appeal to the chief examiner provided for in Section 9.”
To escape an examination, and yet obtain a license under this section, the applicant must have been a steam engineer in the state of Ohio for three years next prior to the passage of the act, or hold a license under an ordinance of a municipality in this state. This section confers the privilege of obtaining a license without examination on all engineers who were continuously employed as such for three years next prior to the passage of the act no matter how incompetent they may have become by reason of age, habits or other causes. And no matter how competent an engineer may be by reason of long service, if he has not been employed continuously for three years before the passage of the act, if he is short a month or more in the three years, he is denied the privilege of obtaining a licence without examination. This three year provision is clearly arbitrary and without reason. It is arbitrarily forming a favored class and is in conflict with section two of the Bill of Rights which guarantees equal protection and benefit; and it is also in conflict with the purpose for which the constitution was established, which was to promote our common welfare. This section of the act is to promote the welfare of a particular three-year class, *255 instead of the common welfare of all. The section is therefore unconstitutional, and the two sections six and seven are so interwoven with the whole act as to be inseparable, and therefore the whole act is unconstitutional.

Judgment affirmed.

Burket, Spear and Davis, JJ., concur.